IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SYLVIA A. WHALEY,<br><br>     Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>     Defendant. | 8:24-CV-57<br><br>MEMORANDUM AND ORDER |

The defendant, State Farm,[1] moves to dismiss the plaintiff's complaint because she previously sued on the same claims, and lost, in state court. Filing 5. The Court will grant the defendant's motion and dismiss the complaint.

STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. For the purposes of a

---

[1] The caption of the plaintiff's complaint also included "State Farm Entity (True and Exact Name Unknown) a part of State Farm Insurance Companies," filing 1 at 1, but she seems to have abandoned that entity in her brief, *see* filing 7 at 1, and given that her description of the entity presumes the same corporate identify as State Farm, the Court sees no reason to think there's actually more than one defendant here.

motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Rule 12(d). However, the Court may take notice of public records, such as court filings. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

## BACKGROUND

The plaintiff was in an automobile accident with an alleged tortfeasor, State Farm's insured, on February 24, 2020. Filing 1 at 1-2.[2] Her vehicle was damaged and she was injured. Filing 1 at 2. She tendered her claim for damages to State Farm, which refused to settle. Filing 1 at 7.

She sued State Farm in the District Court for Douglas County, Nebraska on July 6, 2023, alleging that she had been injured by the tortfeasor's negligence. Filing 5-1. That court dismissed her case on September 28, citing

---

[2] The plaintiff's complaint occasionally refers to the alleged tortfeasor as "defendant" in the body of the complaint, but not the caption. *See* filing 1, *passim*. To be clear: To the extent that the complaint is intended to sue the alleged tortfeasor for negligence, the Court declines to exercise jurisdiction over that ordinary state-law claim, as both the plaintiff and the tortfeasor are allegedly residents of Nebraska and the Court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). There is nothing to overcome the presumption of declining jurisdiction. *See Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012) And the complaint also refers to the tortfeasor as "decedent," *see* filing 1 and filing 5-1 at 1, leaving the Court uncertain whether he could be sued at all, *see LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020).

*Robertson v. Motor Club Ins. Ass'n*, 602 N.W.2d 27 (Neb. Ct. App. 1999), for the proposition that a plaintiff cannot maintain a direct action against an alleged tortfeasor's insurer. Filing 5-2. The plaintiff filed her operative complaint in this Court on February 13, 2024, alleging claims for breach of contract and bad faith. Filing 1.

## DISCUSSION

State Farm moves to dismiss the complaint on two grounds: Claim preclusion, and the unavailability of a direct action against a tortfeasor's insurer. State Farm is right on both points.

### CLAIM PRECLUSION

Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Marie v. State*, 922 N.W.2d 733, 738 (Neb. 2019). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id*. Accordingly, the judgment in a former action between the same parties is final as to every issue which could have been decided in that action. *Lincoln Lumber Co. v. Fowler*, 533 N.W.2d 898, 903 (Neb. 1995).

The applicability of the doctrine of res judicata is a question of law, *Ichtertz v. Orthopaedic Specialists of Neb.*, 730 N.W.2d 798, 803 (Neb. 2007), although whether claim preclusion applies in any given case is necessarily fact dependent, *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018). The test

to determine if the judgment in the underlying case was on the same claim for relief as is presented in the instant action is whether the same evidence will sustain both the present and former actions. *Baer v. Southroads Mall Ltd. P'ship*, 566 N.W.2d 734, 738 (Neb. 1997); *Pflasterer v. Koliopoulos*, 328 N.W.2d 789, 791 (Neb. 1983); *see Ichtertz*, 730 N.W.2d at 804. Stated another way, the question is whether the right sought to be vindicated in the subsequent suit rests upon the same operative facts as the prior suit. *See Farmers State Bank of Plymouth v. Germer*, 437 N.W.2d 463, 467 (Neb. 1989); *Graham v. Waggener*, 367 N.W.2d 707, 709 (Neb. 1985); *In re Marcus W.*, 649 N.W.2d 899, 909 (Neb. Ct. App. 2002); *see also Ichtertz*, 730 N.W.2d at 804.

No matter how the test is worded, it's satisfied here. The state court's judgment squarely confronted the premise of the plaintiff's federal lawsuit: That the tortfeasor was negligent and his insurer should pay the plaintiff. Nor does the addition of a bad faith claim help the plaintiff, because the prevailing rule is that a subsequent bad faith claim is precluded by judicial resolution of a prior coverage claim. *See Koch v. Liberty Mut. Fire Ins. Co.*, 639 F. Supp. 3d 895, 901 (D. Neb. 2022) (collecting cases). And there is no basis to find that the plaintiff's alleged bad faith claim somehow arose after the conclusion of her state court action. *See id*. at 902.

DIRECT ACTION AGAINST INSURER

Nor, even without preclusion, has the plaintiff stated a claim for relief against State Farm. State Farm is correct that direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska. *Molina v. Am. Alternative Ins. Corp.*, 699 N.W.2d 415, 418 (Neb. 2005); *Med. Protective Co. v. Schrein*, 582 N.W.2d 286, 290 (Neb. 1998). The plaintiff cannot state a claim for breach of a contract to which she was not a party. *See Molina*, 699 N.W.2d at 223-24; *see Braesch v. Union Ins. Co.*, 464

N.W.2d 769, 776 (Neb. 1991), *disapproved of on other grounds by Wortman By & Through Wortman v. Unger*, 578 N.W.2d 413 (Neb. 1998).

And the plaintiff cannot state a bad faith claim. To begin with, In Nebraska, only a policyholder has standing to bring a first-party bad faith claim against an insurer. *Millard Gutter Co. v. Shelter Mut. Ins. Co.*, 980 N.W.2d 420, 432 (Neb. 2022). The plaintiff argues instead for a third-party bad faith claim. *See* filing 7. But that cause of action (despite its admittedly confusing name) doesn't fit here either.

A traditional third-party bad faith claim does, it's true, arise when an insurer wrongfully fails to settle a claim by a third party against an insured. *Id.* at 431. But it's still a claim that belongs to the *insured*, not the third party: It permits the insured to recover for additional damages incurred by virtue of the insurer's bad faith refusal to settle the claims against insured. *See Hadenfeldt v. State Farm Mut. Auto. Ins. Co.*, 239 N.W.2d 499, 504 (Neb. 1976); *Olson v. Union Fire Ins. Co.*, 118 N.W.2d 318, 321 (Neb. 1962); *see also Bamford, Inc. v. Regent Ins. Co.*, 822 F.3d 403, 410-12 (8th Cir. 2016); *Lienemann v. State Farm Mut. Auto Fire & Cas. Co.*, 540 F.2d 333, 337 (8th Cir. 1976). It doesn't permit an action by the third party. *See id.*

## CONCLUSION

The plaintiff's action against State Farm is both precluded by a prior judgment and fails to state a claim under Nebraska law. Accordingly,

IT IS ORDERED:

1.  State Farm's motion to dismiss (filing 5) is granted.

2.  The plaintiff's complaint is dismissed with prejudice.

3.    A separate judgment will be entered.

Dated this 18th day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge